IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY DENORRIS WILLIAMSON, :<br>:<br>　　Plaintiff, :<br>:<br>v. :<br>:<br>NANCY A. BERRYHILL, Acting :<br>Commissioner of the Social Security :<br>Administration, :<br>:<br>　　Defendant. : | CIVIL ACTION FILE<br>NO.: 1:17-CV-2684-TWT-JCF |

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment. (Doc. 7). Because Plaintiff did not exhaust his administrative remedies with the Social Security Administration before filing this action, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED**.

### Factual and Procedural Background

On June 6, 2017 the Social Security Administration (SSA) issued Plaintiff a Notice of Award informing him that it had found that he became disabled on January 2, 2016 and that he was entitled to monthly disability benefits beginning July 2016. (Doc. 7-1 at 7). The decision also stated that "[t]he date we found you disabled is different from the date you gave us on the application" and informed

1

Plaintiff, "If you do not agree with this decision, you have the right to appeal." (*Id.* at 7, 9). The decision explained that process as follows:

> You have 60 days to ask for an appeal.
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
> You must have a good reason if you wait more than 60 days to ask for an appeal.
> You can file an appeal with any Social Security office. You must ask for an appeal in writing. Please use our "Request for Reconsideration" form, SSA-561-U2. You may go to our website at www.socialsecurity.gov/online/ to find the form. If you need help to fill out the form, we can help you by phone or in person.

(*Id.* at 9). Plaintiff did not then ask for an appeal at the administrative level or complete a Request for Reconsideration form. (*See* Doc. 7-1 at 3). Instead, Plaintiff filed a *pro se* complaint in this Court seeking payment of benefits from the date he contends he applied for benefits, i.e., November 31, 2009. (Doc. 1). Defendant moved to dismiss Plaintiff's complaint, or in the alternative for summary judgment, because Plaintiff did not administratively exhaust his administrative remedies prior to filing his judicial complaint. (Doc. 7). Plaintiff has responded (Doc. 13) and with briefing complete, the undersigned now considers the merits of Defendant's motion.

## Discussion

"Federal courts may not review administrative decisions of the SSA except as provided in 42 U.S.C. § 405(g)." *Anderson v. Comm'r of Soc. Sec.*, 544 Fed.

2

Appx. 861, 861 (11th Cir. 2013) (unpublished decision).  "A social security claimant may obtain review under § 405(g) by filing a civil action in federal district court, but only 'after any final decision of the Commissioner of Social Security made after a hearing.' "  *Id*. (quoting 42 U.S.C. § 405(g)).  "Thus, to obtain review in federal court under § 405(g), a social security claimant must have: (1) presented his claim for benefits to the Commissioner; and (2) exhausted his administrative remedies."  *Id*. (citing *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997)).  " 'This means [the] claimant must have completed each of the steps of the administrative review process unless exhaustion has been waived.' "  *Id.* at 861-62 (quoting *Crayton*, 120 F.3d at 1220)[1]; *see also Weaver v. SSA*, No. 1:12-CV-4488-WSD-JFK, 2013 U.S. Dist. LEXIS 176203, at *7 (N.D. Ga. Oct. 7, 2013) ("The term 'final decision' is not defined in the statutes, but the regulations require that a Social Security claimant must complete each step in the administrative review process."), *adopted by* 2013 U.S. Dist. LEXIS 175793 (N.D. Ga. Dec. 16, 2013).  "The administrative review process includes an initial determination, reconsideration, a hearing before an ALJ, and review by the Appeals Council."  *Anderson*, 544 Fed. Appx. at 862 (citing 20 C.F.R. § 404.900(a)(1)-(4)); *see also Weaver*, 2013 U.S. Dist. LEXIS 176203, at *7.

---

[1] The court in *Anderson* explained that "[e]xhaustion may be excused when the claimant raises only a constitutional issue that is collateral to consideration of the claim and therefore its resolution falls outside the agency's authority."  544 Fed. Appx. at 862 n.2.  Plaintiff has not alleged any constitutional claims in this case.

Here, Plaintiff has not shown that he asked for reconsideration of the initial decision as instructed in the decision letter (*see* Doc. 7-1 at 9), no reconsideration decision has been issued, no hearing was held at the administrative level before an administrative law judge (ALJ), and no review by the Appeals Council has occurred.  Plaintiff asserts in response to Defendant's motion that he sought judicial review because he was "told I had no other internal options within Social Security regarding my issue when I called Social Security Teleservices Center and spoke with a representative in the Lakewood, OH call center."  (Doc. 13 at 1-2).  But that assertion does not alter the fact that he did not appeal the June 6, 2017 decision in writing and pursue the required administrative procedures, through and including a final hearing decision, prior to filing his judicial appeal.  This Court therefore lacks subject matter jurisdiction and Plaintiff's action should be dismissed.

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss (Doc. 7) be **GRANTED** and this case be **DISMISSED**.  *See, e.g.*, *Anderson*, 544 Fed. Appx. at 862 (finding that the district court did not err in dismissing *pro se* complaint seeking judicial review of SSA decision due to lack of subject matter jurisdiction because "at the time Anderson filed his complaint, the SSA had denied [his] administrative claim initially and on reconsideration, but had not yet acted on [his] request for an ALJ hearing" and therefore "it is undisputed that the ALJ had

not yet held a hearing in Anderson's case, much less issued a decision that the Appeals Council could review"); *Weaver v. SSA*, No. 1:12-CV-4488-WSD-JFK, 2013 U.S. Dist. LEXIS 175793, at *3 (N.D. Ga. Dec. 16, 2013) (finding "no plain error in the Magistrate Judge's recommendation that Plaintiff's failure to complete the administrative review process deprives the Court of subject matter jurisdiction over his claims" and dismissing plaintiff's complaint for failure to exhaust his remedies with SSA where "[t]here is no evidence in the record that the Plaintiff filed a request for reconsideration or otherwise requested a hearing before an administrative law judge").

**IT IS SO REPORTED AND RECOMMENDED** this <u>18th</u> day of <u>April</u>, 2018.

<u>/s/ J. Clay Fuller</u>
J. Clay Fuller
United States Magistrate Judge